UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE LEE CRISP, III, | No. 2: 15-cv-1649 KJN P |
| Plaintiff, | |
| v. | ORDER |
| EDMOND G. BROWN, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's complaint is somewhat difficult to understand.  It appears that plaintiff is alleging that defendants failed to properly process his administrative grievances.  It also appears that plaintiff may be alleging that defendants violated his constitutional rights and/or the Americans with Disabilities Act ("ADA") by failing to accommodate his disability.

Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann, 855 F.2d at 640; see also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991).  A failure to process a grievance, without more, does not state a constitutional violation.  Buckley, 997 F.2d at 495.  Therefore, to the extent plaintiff alleges that defendants violated his constitutional rights by failing to properly process his administrative grievances, this claim is dismissed as legally frivolous.

Plaintiff's claims alleging that defendants failed to accommodate his disability are vague and conclusory.  If plaintiff files an amended complaint, he must clearly describe his disability and how defendants failed to accommodate it.

Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  In order to state a claim, a plaintiff must show that:  (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).  If plaintiff raises an ADA claim in the amended complaint, he should make sure that his factual allegations comply with this legal standard.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

If plaintiff's amended complaint raises an Eighth Amendment claim, he should refer to the legal standard set forth above.

In addition, if plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
2    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
3    complaint be complete in itself without reference to any prior pleading.  This requirement exists
4    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
5    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
6    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
7    original complaint, each claim and the involvement of each defendant must be sufficiently
8    alleged.

9    Finally, the undersigned observes that plaintiff's complaint is 30 pages.  Federal Rule of
10   Civil Procedure 8(a) requires that pleadings, such as complaints, contain *short* and *plain*
11   statements showing that the pleader is entitled to relief.  It is clear that plaintiff can state his
12   claims in a complaint significantly shorter than 30 pages.  For that reason, the undersigned orders
13   that plaintiff's amended complaint may be no longer than ten pages.

14   In accordance with the above, IT IS HEREBY ORDERED that:

15   1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
17   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
18   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
19   Director of the California Department of Corrections and Rehabilitation filed concurrently
20   herewith.

21   3.  Plaintiff's complaint is dismissed.

22   4.  Within thirty days from the date of this order, plaintiff shall complete the attached
23   Notice of Amendment and submit the following documents to the court:

24   a.  The completed Notice of Amendment; and

25   b.  An original and one copy of the Amended Complaint.

26   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
27   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
28   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

1  Failure to file an amended complaint in accordance with this order may result in the dismissal of
2  this action.
3  Dated:  August 24, 2015

*(signature)*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cr1649.14

1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  | OBIE LEE CRISP, III,           | No.  2: 15-cv-1649 KJN P |
12  |         Plaintiff,             |                          |
13  |     v.                         | NOTICE OF AMENDMENT      |
14  | EDMOND G. BROWN, et al.,       |                          |
15  |         Defendants.            |                          |

17       Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19           _____         Amended Complaint
    DATED:
20
21                                   _____
                                     Plaintiff
22